IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA GRICE<br><br>    Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC. and<br>GAS EXPRESS LLC d/b/a CIRCLE K<br>and ELVIS JONES<br><br><br>    Defendant. | Civil Action No.:<br><br>Jury Trial Demanded |

## COMPLAINT

COME NOW Plaintiff Christina Grice, by and through her undersigned counsel, and files this lawsuit against Defendants Circle K Stores Inc., Gas Express LLC and Elvis Jones (collectively "Circle K"), pursuant to Title VII of the of the Civil Rights Act of 1964, ("Title VII") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., as amended, for minimum wage and overtime violations, as well as supplemental claims under the laws of the State of Georgia.

1

## I. INTRODUCTION

1. Plaintiff Christina Grice ("Plaintiff") brings various claims to hold Circle K accountable for violating her statutory rights under Title VII and the FLSA.

2. Plaintiff further alleges that, in addition to the sexual harassment she endured, Circle K further exploited her by forcing her to work excessive hours while failing to pay her, and when she subsequently complained about the violations of their rights to a lawful wage, she was subjected to retaliatory actions.

3. Plaintiff also brings claims under state law that Circle K breached the terms of their employment agreement, failed to compensate her for the value of her services, and unjustly enriched itself at Plaintiff's expense.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1343, and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendant conducts business in this District and division, and the events or omissions giving rise to the claims occurred in this District and division.

6. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367.

### III.  PARTIES

7. Plaintiff Christina Grice (hereinafter, "Ms. Grice") is a resident of Atlanta, Georgia, and at all times relevant to this complaint, was employed by Defendants.

8. Plaintiff is an eligible employee under §§ 203(e)(1), 206 and 207 of the FLSA during the period in which she was employed by Defendants.

9. Defendants are employers as defined by § 203(d) of the FLSA and are therefore subject to the provisions of the FLSA, as amended.

10. Defendant, Circle K Stores Inc., is a for-profit corporation subject to service at its principal place of business at 5955 Fulton Industrial Blvd., Atlanta, GA 30336.  Circle K Stores Inc. can also be served via its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

11. Defendant, Gas Express LLC d/b/a/ Circle K, is a for-profit corporation subject to service at its principal place of business at 1575 Northside Dr. NW, Suite 470, Atlanta, GA, 30318.  Gas Express LLC can also be served via its registered agent Shams Nanji at 1575 Northside Dr. NW, Suite 470, Atlanta, GA, 30318.

12. Elvis Jones is an individual who managed the store location where Plaintiff was employed and is subject to service at his principal place of business at

the Circle K - Exxon Mobil Gas Station located at 5955 Fulton Industrial Blvd., Atlanta, GA.  Elvis Jones can also be served via his residence at 245 Magnolia Walk Lane, Atlanta, Georgia 30349.

### IV.  GENERAL ALLEGATIONS

13. On or about August 13, 2022, Plaintiff Christina Grice noticed a hiring sign in the window of Defendants' Circle K store at the Exxon gas station located at 5955 Fulton Industrial Blvd., Atlanta, Georgia.

14. When she entered the store and inquired about applying for a position, Defendants' store Manager, Elvis Jones, gave her an application to complete. While she was filling it out, Jones propositioned Ms. Grice.  He commented to her, "If you work here, I can put you on the store's payroll and my payroll too."

15. Ms. Grice interpreted the comment as a sexual proposition.  When she completed the application, Jones followed her outside, stepped in close to her and told her, "We should hook up, I wanted to make sure, before I go get a hotel room."

16. Ms. Grice was uncomfortable with his comments.  She did not respond and left in a hurry.

17. On or about August 16, 2022, Jones sent Ms. Grice a text asking her to go out with him on a date.  To avoid jeopardizing the employment opportunity, Ms. Grice agreed to go out with him.

18. Jones picked Ms. Grice up at her residence, drove her to secluded parking lot and proceed to sexually assault her. She resisted him as he grabbed her by the waist, groped her breasts, buttocks and thighs and attempted to touch her vagina. Jones also unzipped his pants and grabbed his penis.

19. When Ms. Grice pushed him away, Jones commented, "but I helped you get a job," implying that she owed him sexual favors. When he realized that Ms. Grice was not going to be convinced to accept his advances, he took her home.

20. Ms. Grice spoke to Jones a few days later about the job opportunity and he informed her that she could start working at Circle K as a Cashier on August 27, 2022.

21. Ms. Grice began working for Circle K on August 27, 2022. She was promised payment of $13.00 per hour and overtime pay for hours exceeding 40 each week.

22. After she began working at Circle K, there was an occasion when Jones picked Ms. Grice up from her residence to give her a ride to work. When Jones arrived, he walked into her apartment, without being invited in, and placed his hand on her waist. When Ms. Grice pushed his hand away, he became upset and started criticizing her for coming to work late.

23. Ms. Grice told him that the reason she was unable to secure reliable transportation to work was because Circle K had not paid her.

24. During her employment with Circle K, Ms. Grice endured unwanted attention of a sexual nature from Jones nearly every time she saw him, including his constant staring at her breasts and unwelcomed sexual comments.

25. Ms. Grice worked for Circle K an entire month without any pay, and when she repeatedly complained to Jones about not being paid, he diverted the conversation to when he could see her again outside of work and told her that she did not have to worry about being paid.

26. The last time she spoke to Jones about being paid, he told her that she would be paid on September 23, 2022. She was not paid on September 23, 2022 and, as of October 10, 2022, still has not received any payment for the hours she worked since she began working for Circle K on August 27, 2022.

27. Ms. Grice's last day working for Circle K was on September 23, 2022. On September 24, 2022, Ms. Grice informed Jones that she was resigning because she could not continue to work without payment.

28. Ms Grice was also concerned that if she continued working at Circle K, Jones would likely assault her again, continue pressuring her for sex and continue depriving her of pay as a means to make her more susceptible to his advances.

## V.   CAUSES OF ACTION

### COUNT ONE
### (FAILURE TO PAY MINIMUM WAGE)

29. Plaintiff re-alleges the foregoing allegations as if set forth herein.

30. Circle K also violated the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, which requires all employees to be paid at a rate no less than $7.25 per hour for all hours worked up to 40 hours, in any given work week.

31. Defendant willfully, knowingly and recklessly violated Plaintiff's rights under §§ 203, and 206 of the FLSA by failing to pay minimum wage compensation to Plaintiff.

32. Ms. Grice was not paid any compensation for the 4 weeks she worked. At Ms. Grice's regular rate of $13.00, she is owed for the 160 hours she worked without compensation, which amounts to $2,080.

33. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's minimum wage compensation.

## COUNT TWO
### (FAILURE TO PAY OVERTIME)

34. Plaintiff re-alleges the foregoing allegations as if set forth herein.

35. Defendant willfully, knowingly and recklessly violated Plaintiff's rights under §§ 203, and 207 of the FLSA by taking unlawful deductions from

7

Plaintiff's wages and failing to properly pay overtime wage compensation to Plaintiff, who is a non-exempt employee.

36. At Ms. Grice's overtime rate of $19.50, she is owed $1,596 for the additional 81.8 overtime hours she worked. In total, Ms. Grice is owed $3,676 for unpaid wages, plus liquidated damages and attorneys fees.

37. Defendant knew or reasonably should have known that Plaintiff was working overtime without payment and that as a result her rights under the FLSA were violated.

38. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

39. As a proximate result of Defendant's violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

## COUNT THREE
### (TITLE VII VIOLATION-SEXUAL HARASSMENT)

40. Plaintiff re-alleges the foregoing allegations as if set forth herein.

41. Plaintiff filed a timely complaint with the U.S. Equal Employment Commission alleging violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e2(a) and 42 U.S.C. 2000e-3(a)), which holds employers strictly liable

8

for the harassing conduct of their supervisors resulting in tangible employment actions. She has requested a right to sue from the EEOC.

42. Refusing to pay Ms. Grice for over 240 hours of work constitutes a tangible employment action, and a significant change in compensation from the bi-weekly payment schedule she was promised when she accepted the position. *See Miller v. Donahoe*, 1:15-CV-0079-CC-JSA, 2015 WL 13736623, at *7 (N.D. Ga. Nov. 3, 2015) (held that withholding of pay for nearly an entire day was "tangible employment action," *citing Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 100 (2d Cir. 2002)); *see also Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 100 (2d Cir. 2002) (finding that withholding an employee's pay is a direct economic harm and tangible employment action).

43. The above referenced evidence that Ms. Grice was assaulted, harassed and denied payment also supports that she was "constructively discharged," which courts have found sufficient to constitute a tangible employment action. *See Pennsylvania State Police v. Suders,* 542 U.S. 129, 130, 124 S. Ct. 2342, 2345, 159 L. Ed. 2d 204 (2004); *see also Speaks v. City of Lakeland*, 315 F. Supp. 2d 1217, 1224 (M.D. Fla. 2004)(recognizing constructive discharge as a tangible employment action resulting in strict liability for sexual harassment by a supervisor). Accordingly, Circle K is strictly liable for its supervisor's conduct of sexually assaulting and harassing Ms. Grice.

## COUNT FOUR
## (ASSAULT AND BATTERY)

44. Plaintiff re-alleges the foregoing allegations as if set forth herein.

45. When Jones grabbed Plaintiff by the waist, groped her breasts, buttocks and thighs and attempted to touch her vagina, she was understandably fearful that he was attempting to rape her.

46. Jones' persistent conduct of groping Plaintiff despite her resistance supports that Jones committed assault under Georgia law because "the apparent circumstances, reasonably viewed, [were] such as to lead a person reasonably to apprehend a violent injury from the unlawful act of another." *See Equal Employment Opportunity Comm'n v. Nunez, Inc.*, 1:09-CV-2661-WSD-AJB, 2011 WL 13168394, at *21 (N.D. Ga. Feb. 28, 2011). Likewise, Jones committed an actionable battery under Georgia law because he engaged in intentional touching of Ms. Grice that she reasonably viewed to be "offensive, rude and lustful" when he "placed his hands on [her] breasts, over her objection" and "attempted to touch her vagina." Id. at 22.

## COUNT FIVE
## (RETALIATION)

47. Plaintiff re-alleges the foregoing allegations as if set forth herein.

10

48. Plaintiff engaged in protected activity under Title VII by complaining to Jones, resisting his sexual advances and demanding that she be payed for her work.

49. As a proximate result of her protected activity, Defendants denied Plaintiff payment for over four weeks, which well might have dissuaded a reasonable person from engaging in protected activity.

50. The denial of payment for the work Plaintiff performed occurred in sufficiently close proximity to her protected activity to support a causal connection between the refusal to pay her and her prior rejection of Jones' sexual advances and complaints regarding her unpaid wages.

## COUNT SIX
## (BREACH OF CONTRACT)

51. Plaintiff re-alleges the foregoing allegations as if set forth herein.

52. Plaintiff entered into a valid contract to provide services in the form of employment and Defendants subsequently assented to compensate her for the delivery of the services provided.

53. Defendants breached the contract it entered with Plaintiff when it failed to pay her for the full value of hours worked.

54. Based on Defendants' breach of their contract, Plaintiff was deprived of wages she lawfully earned.

## COUNT SEVEN
## (QUANTUM MERUIT)

55. Plaintiff re-alleges the foregoing allegations as if set forth herein.

56. Valuable services were rendered to Defendants by Plaintiff and her services were accepted, used, and enjoyed by Defendants.

57. Despite having a reasonable expectation of receiving compensation for the services rendered, Defendants failed to provide adequate compensation, entitling Plaintiff to recover the value of her services.

## COUNT EIGHT
## (UNJUST ENRICHMENT)

58. Plaintiff re-alleges the foregoing allegations as if set forth herein.

59. Defendants have been unjustly enriched at the expense of Plaintiff, in that Defendant knowingly and/or intentionally accepted the benefit of the labor and services performed by Plaintiff, despite failing to pay her for such work.

60. Plaintiff is entitled to relief in the form of an award of damages reflecting the value of her uncompensated labor and services, in order that Defendants be prevented from receiving an unjust benefit for services for which it has not paid.

## PRAYER FOR RELIEF

1. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under the FLSA, including lost wages and back pay; general compensatory damages for retaliation including but not limited to damages for mental anguish and emotional distress; and liquidated damages;

    b. All damages for breach of contract; or alternatively, uncompensated labor and services provided under Georgia law;

    c. Special damages to the extent allowed by law;

    d. Injunctive relief under Title VII preventing and prohibiting Defendant from engaging in its present practices in violation of the laws cited herein; as well as damages under Title VII for lost wages based on retaliatory conduct;

    e. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

    f. Unpaid minimum wage and overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

g. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted, the 10th day of October 2022.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: (404) 207-1559
F: (470) 231-0672
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**