UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRINA GRICE, <br><br> Plaintiff, <br><br> v. <br><br> CIRCLE K STORES INC. and GAS EXPRESS LLC d/b/a/ CIRCLE K and ELVIS JONES, <br><br> Defendants. | Civil Action No.: <br> 1:22-CV-04055-AT-WEJ |

JOINT MOTION TO APPROVE SETTLEMENT AND
TO DISMISS ACTION WITH PREJUDICE

Plaintiff Christina Grice ("Plaintiff") and Defendant Gas Express LLC ("Defendant") (collectively "the Parties"), respectfully seek the Court's approval of their FLSA settlement (the "Settlement") with respect to Plaintiff's claims in this wage and hour case against Defendants.[1]  Gas Express LLC was the employer of Plaintiff.  Circle K Stores Inc. is the owner of the Circle K trademark and contends that it is an improper party to this litigation.  Gas Express LLC and Circle K Stores Inc. are referred to collectively herein as the "Circle K Defendants."

**1. INTRODUCTION**

---

[1] Plaintiff's Complaint included non-FLSA claims as well, that have been resolved via a general release, however, they are not addressed in this Joint Motion since they do not require Court approval.  As a result, this Motion seeks dismissal of all claims against all Defendants with prejudice.

Plaintiff and Defendants Gas Express LLC and Circle K Stores Inc. attended a mediation with Lee Parks and reached a resolution of Plaintiff's Complaint. The Settlement, if approved, provides full relief to Plaintiff. Accordingly, Plaintiff and Defendants jointly request that the Court enter the Order Approving Settlement and Dismissing the Action with Prejudice. In support of this Motion, the Parties jointly state as follows:

## 2. BACKGROUND

On October 9, 2022, Plaintiff filed this action asserting (amongst others) claims under the Fair Labor Standards Act. [Dkt. 1] Plaintiff alleged that she was not compensated for the time she spent working with Defendant Gas Express LLC. Defendant Gas Express denies the allegations, and provided evidence that they attempted to pay Plaintiff during her brief employment, however, the bank account number for Plaintiff's direct deposit information was entered incorrectly. After initial settlement discussions, Plaintiff and the Circle K Defendants attended mediation, and reached a resolution of the Complaint, which includes providing full relief and liquidated damages to Plaintiff for her FLSA claim. The executed Settlement Agreement and Release of FLSA Claims (the "Agreement") is attached hereto as Exhibit A.

## ARGUMENT AND CITATIONS OF AUTHORITY

In the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an

employer if the Parties present the district court with a proposed settlement and the district court approves the fairness of the settlement. As the Eleventh Circuit explained in *Lynn's Food Stores, Inc. v. United States*[2]:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
>
> *Id.* at 1354.

### A.     Standards for Approval of an FLSA Compromise

*Lynn's Food Stores* requires that the Court to review a proposed compromise of FLSA claims for "fairness." However, the criteria the Court are to consider in determining "fairness" is not as clear. As the court in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-1 (M.D. Fla. 2010) noted:

> *Lynn's Food* requires the Parties to an FLSA compromise to present proposed agreement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." [*Lynn's Foods*,] 679 F.2d at 1353. Although noting the unfairness of the settlements at issue, *Lynn's Food* specifies no

---

[2] 679 F.2d 1350, 1353 (11th Cir. 1982)

criteria for evaluating the "fairness" of a proposed compromise in a different case.

### (1)  Initial Considerations from Dees

The Parties should provide the Court with "enough information for the court to examine the bona fides of the dispute" including the nature of the dispute, the material facts and claims, and an estimate of hours worked or compensation owed in order to understand the nature of the compromise. [3]  Further, an employee may not prospectively waive his FLSA rights as a part of a compromise.[4] In addition, the Court should address the attorneys' fees agreed upon to insure that the fees agreed upon did not adversely affect the Plaintiff's recovery. [5]

The *Dees* Court continued:

> *Bonetti v. Embarq Management Co.,* [715 *F. Supp. 2d* 1222 (M. D. Fla. 2009)], describes the problem faced by a district court:

> Short of a bench trial, the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the Parties negotiate a compromise that is acceptable to both sides. The Parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim

---

[3]  *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)

[4] *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)

[5] *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)(quoting Bonetti, 715 F. Supp. 2d 1222 (MDF) 2009)(Noting that the Court would not separately consider the reasonableness of the fee to be paid to counsel unless there was some indication that settlement amount or process was problematic.)

arising from the employment relationship. If the Parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."[6]

Further from the *Dees* Court:

Nevertheless, the district court must "scrutinize the settlement for fairness." To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (***factors "internal" to the compromise***). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA ***(factors "external" to the compromise)***. The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.[7]

### *(2) The Internal Factors:*

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel.[8]

---

[6] *Dees,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)(quoting *Bonetti*)

[7] *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)(emphasis added)

[8] *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Pessoa v. Countrywide Home Loans, Inc.*, 2007 U.S. Dist. LEXIS 24076, 2007 WL 1017577, at 3 (M.D. Fla. Apr. 2, 2007) (quoting *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

    *(3)*    ***The External Factors:***

> Compromise of a retrospective dispute may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance (say, a suddenly disabled claimant or an employer in liquidation) commends a speedy or certain resolution. On the other hand, several factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace. In all instances, the district court should faithfully execute the congressional mandate for "minimum wages, promptly paid . . . for the lowest paid segment of the nation's workers.[9]

**3.**    **THIS FLSA COMPROMISE SHOULD BE APPROVED AS FAIR**

  **A. Initial Considerations**

Defendant Gas Express LLC employed Plaintiff as a store clerk for a brief period of time from on or about August 27, 2022 until on or about September 24, 2022. There is no dispute that Defendant Gas Express LLC attempted to pay Plaintiff, however, there is dispute regarding why Plaintiff did not receive payment, with Plaintiff having no recollection of completing her direct deposit information,

---

[9] *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)(*quoting D.A. Schulte v. Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

and Defendant Gas Express LLC showing that the payments were rejected because Plaintiff's direct deposit information was not entered accurately.

During mediation, Defendant Gas Express LLC agreed to pay Plaintiff her entire backpay ($2,750), which is undisputed to be owed, as well as liquidated damages ($2,750), and her attorney's fees related to this claim ($2,500). The parties negotiated this resolution with the aid of an experienced mediator, Lee Parks.

### B. Internal Factors

As noted above, *Dees* lists a number of internal factors: (1) The existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery amounts; and (6) the opinions of the counsel. [10]

Here, Plaintiff and the Circle K Defendants were represented by experienced counsel in an adversarial process that demonstrates no evidence of fraud of collusion, and the matter was resolved through mediation.

The Parties disagree as to the merits of this case, however, the negotiated resolution provides Plaintiff with full relief. Beyond this, Plaintiff had access to all of the time, pay, and external records that were ever going to be available while

---

[10] *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Pessoa v. Countrywide Home Loans, Inc.*, 2007 U.S. Dist. LEXIS 24076, 2007 WL 1017577, at 3 (M.D. Fla. Apr. 2, 2007) (quoting *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

making their damage calculations. In sum, the Parties and their counsel prudently attempted to devote their limited resources towards settlement, rather than continued litigation.

### C. External Factors

As stated above, the Dees Court noted the following external factors:

> Compromise of a retrospective dispute may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance . . . commends a speedy or certain resolution. On the other hand, several factors may commend rejecting a proposed compromise, including the presence of other employees situated similarly to the claimant, a likelihood that the claimant's circumstance will recur, a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.[11]

Other "external factors" to examine when considering the fairness of a proposed FLSA settlement, address whether the compromise frustrates the purposes of the FLSA. *Dees*, 706 F. Supp. 2d at 1244. Here, the purpose of the FLSA is not frustrated in that Plaintiff is receiving full value for her FLSA claims after a detailed

---

[11] *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)(quoting *D.A. Schulte v. Gangi*, 328 U.S. 108, 116, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

review of those claims. Given these facts, a detailed analysis of the external factors is not overly necessary.

4. **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court approve the compromise entered into here. The Parties also request that the Court dismiss this action with prejudice, but retain jurisdiction to enforce the Parties Settlement Agreement, if necessary. A proposed order is attached hereto for the Court's consideration.

Respectfully submitted this 29th day of December, 2022.

| | |
|---|---|
| */s/ Arnold J. Lizana* | */s/ Martin B. Heller* |
| Arnold J. Lizana | Martin B. Heller |
| Georgia Bar No. 698758 | Georgia Bar No. 360538 |
| alizana@attorneylizana.com | mheller@fisherphillips.com |
| 1175 Peachtree Street NE, 10th Floor | Jenna B. Rubin |
| Atlanta, Georgia 30361 | Georgia Bar No. 713791 |
| Telephone: (404) 207-1559 | jrubin@fisherphillips.com |
| Facsimile: (404) 231-0672 | 1230 Peachtree Street NE, Suite 3300 |
| *Attorney for Plaintiff* | Atlanta, Georgia 30309 |
| | Telephone: (404) 231-1400 |
| | Facsimile: (404) 240-4249 |
| | *Attorneys for Defendants Circle K Stores Inc. and Gas Express LLC d/b/a Circle K* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 29th day of December, 2022.

**FISHER & PHILLIPS LLP**

*/s/ Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
mheller@fisherphillips.com
Jenna B. Rubin
Georgia Bar No. 713791
jrubin@fisherphillips.com
1230 Peachtree Street NE, Suite 3300
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249
*Attorneys for Defendants Circle K Stores, Inc. and Gas Express LLC d/b/a Circle K*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS ACTION WITH PREJUDICE** with the Clerk of Court using the CM/ECF eFile system, which will automatically send notification to all counsel of record:

>Arnold J. Lizana
>Law Offices of Arnold J. Lizana III
>1175 Peachtree Street NE, 10th Floor
>Atlanta, GA 30361
>alizana@attorneylizana.com

This 29th day of December, 2022.

>/s/ *Martin B. Heller*
>Martin B. Heller
>Georgia Bar No. 360538
>mheller@fisherphillips.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA GRICE,<br><br>    Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC. and GAS EXPRESS LLC d/b/a/ CIRCLE K and ELVIS JONES,<br><br>    Defendants. | Civil Action No.:<br>1:22-CV-04055-AT-WEJ |

## **PROPOSED ORDER**

This matter comes before the Court on Defendants Circle K Stores Inc. and Gas Express LLC ("Circle K Defendants") and Plaintiff's JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS ACTION WITH PREJUDICE. Having reviewed said Motion and for good cause shown, the settlement is approved and this matter is dismissed with prejudice.

So ordered this ____ day of _____, 2022.

_____
Honorable Amy Totenberg
UNITED STATES DISTRICT JUDGE

FP 45951154.1

FP 45951154.1